UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81626-Cannon/McCabe

YOUSLINE ROMAIN,

     Plaintiff,

v.

SOUTH COUNTY MENTAL HEALTH
CENTER, INC., a Florida Not For Profit
Corporation,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion for Entitlement to Prevailing Party Attorneys' Fees, which was referred to the undersigned by United States District Judge Aileen M. Cannon.  (DE 9, DE 14).  For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **DENIED** because Defendant cannot be deemed a "prevailing party" for purposes of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.10 et seq.

## I.    BACKGROUND

This is a pregnancy discrimination case.  Plaintiff alleges she worked for Defendant as a Mobile Response Technician up to the date of her termination on October 3, 2023.  (DE 1-2 at 97). After Plaintiff's termination, the following events transpired:

1.     On December 14, 2023, Plaintiff filed a charge of discrimination with the FCHR, alleging pregnancy discrimination and retaliation.  (DE 1-1 at 11).

2.     On June 11, 2024, the FCHR made a "no cause" determination.  (DE 1-2 at 52). Specifically, the FCHR found "that it is unlikely that unlawful discrimination occurred in this

matter." (DE 1-2 at 52). The FCHR advised Plaintiff that she had the right to seek an administrative hearing before Florida's Division of Administrative Hearings ("DOAH") within 35 days; otherwise, the FCHR decision would become final. (DE 1-2 at 52). The FCHR also advised Plaintiff that she had the right, within 50 days, to request the EEOC to review the FCHR's determination. (DE 1-2 at 52).

3.      Plaintiff did not seek an administrative hearing before DOAH. She did, however, request the EEOC to review the FCHR's decision. (DE 1-2 at 18-19).

4.      On November 4, 2024, the EEOC issued a "Determination and Notice of Rights" concerning Plaintiff's case. (DE 1-2 at 18). By way of this document, the EEOC adopted the FCHR's determination and dismissed Plaintiff's charge of discrimination. (DE 1-2 at 18). The EEOC advised Plaintiff that she had the right, within 90 days, to file a lawsuit "against the respondent(s) on this charge *under federal law* in federal or state court…." (DE 1-2 at 18) (emphasis added). The EEOC warned Plaintiff that "[t]he time limit for filing a lawsuit based on a claim *under state law* may be different." (DE 1-2 at 18) (emphasis added).

5.      On January 29, 2025, Plaintiff filed a complaint in state court (the "Original Complaint") alleging the following three state-law claims:

> Count 1:      Sex/Gender Discrimination in Violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.10 et seq.
>
> Count 2:      Pregnancy Discrimination in Violation of the FCRA
>
> Count 3:      Retaliation in Violation of the FCRA

(DE 1-2 at 4-18). Plaintiff did not allege any federal claims.

6.      On April 23, 2025, Defendant moved to dismiss the Original Complaint, arguing that the state court lacked subject matter jurisdiction. (DE 1-2 at 48). Specifically, Defendant pointed out that the FCHR had issued a "no cause" determination in response to Plaintiff's charge

of discrimination and that Plaintiff had thereafter failed to request a DOAH hearing within 35 days as allowed by Fla. Stat. § 760.11(7).   (DE 1-2 at 48).  As such, Defendant argued that Plaintiff failed to exhaust her administrative remedies under the FCRA, thereby depriving the state court of subject matter jurisdiction over those claims.  (DE 1-2 at 48, 50-51).

7.      Following the motion to dismiss, Plaintiff's counsel withdrew from the case on May 7, 2025.  (DE 1-2 at 55).  Plaintiff thereafter represented herself pro se for approximately five months until new counsel appeared on her behalf on October 2, 2025.  (DE 1-2 at 92).

8.      When new counsel appeared, he filed an Amended Complaint on December 2, 2025.  (DE 1-2 at 95-106).  The Amended Complaint dropped the FCRA claims and alleged the following three claims instead:

Count 1:     Wrongful Termination Based on Sex/Pregnancy in Violation of Title VII

Count 2:     Retaliation in Violation of Title VII

Count 3:     Retaliation in Violation of the FPWA

(DE 1-2 at 95-106).

9.      Based on the addition of the federal claims, Defendant removed the case to federal court on December 30, 2025.  (DE 1).

10.      This motion for attorneys' fees followed.  (DE 9).

## II.      DISCUSSION

Defendant seeks attorneys' fees under the FCRA, arguing that it "prevailed" on the three FCRA claims alleged in Plaintiff's Original Complaint filed in January 2025.  (DE 9 at 1-5).  As set forth above, those claims remained pending before the state court for approximately ten months before Plaintiff filed her Amended Complaint in December 2025, which voluntarily dropped the FCRA claims and alleged Title VII claims instead.  (DE 1-2 at 95-106).  In both state court and

3

federal court, this type of amendment functions as the equivalent of a voluntary dismissal without prejudice of the "dropped" claims. *See Kirby v. Adkins*, 582 So. 2d 1209, 1210 (Fla. 5th DCA 1991) ("Under the circumstances, we view the amendment of the complaint deleting Kirby's entire claim as the equivalent of a voluntary dismissal."); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004) (noting that "a claim dropped through a Rule 15 amendment ... is dismissed without prejudice").

As set forth below, the Court finds that Defendant cannot be deemed the "prevailing party" on the FCRA claims under these facts. The Court will address a procedural issue before turning to the merits.

### A.      Procedural Issue

Defendant advises that it originally filed this motion in state court in compliance with Fla. R. Civ. P. 1.525, which requires that motions for attorneys' fees be filed "no later than 30 days after … service of a notice of voluntary dismissal, which … concludes the action as to that party." (DE 15 at 1). Now that the case has been removed to federal court, Defendant advises that the motion may be premature under Fed. R. Civ. P. 54(b), which requires that motions for attorneys' fees be filed "no later than 14 days after the entry of *judgment.*" (emphasis added). (DE 15 at 1-2). In addition, Local Rule 7.3(a) requires that motions for attorneys' fees be "filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim …."

The Court finds it unnecessary to determine which rule governs the timing of this motion. As set forth below, the Court finds that, regardless of timing, the motion should be denied on the merits.

4

**B.       Merits**

Defendant seeks attorneys' fees pursuant to the prevailing party fee provision of the FCRA,

which provides as follows:

> … In any action or proceeding under this subsection, the court, in its discretion,
> may allow the prevailing party a reasonable attorney's fee as part of the costs.  It is
> the intent of the Legislature that this provision for attorney's fees be interpreted in
> a manner consistent with federal case law involving a Title VII action.  …

Fla. Stat. § 760.11(5).  As set forth in the text of the statute, Florida courts apply federal Title VII

case law in interpreting this provision.  *Winn-Dixie Stores, Inc. v. Reddick*, 954 So. 2d 723, 727

(Fla. 1st DCA 2007).

The Court finds that federal Title VII case law would not recognize Defendant as a

prevailing party under the facts presented here.  "The touchstone of the prevailing party inquiry"

in federal court is whether there has been a "material alteration of the legal relationship of the

parties" that has been "marked by judicial imprimatur." *Affordable Aerial Photography, Inc. v.

Prop. Matters USA, LLC*, 108 F.4th 1358, 1362 (11th Cir. 2024) (cleaned up).  In other words, to

obtain prevailing party status, a "court itself must act to reject or rebuff the plaintiff's claims." *Id.*

at 1363.  "[S]ome judicial action rejecting or rebuffing a plaintiff's claim is necessary to endow a

defendant with prevailing-party status ...." *Id.* at 1364.

"[P]ractical effects" alone, "without a judicial imprimatur on the parties' relationship," are

"not sufficient to confer prevailing-party status." *Id.* at 1365.  "This means that a defendant does

not attain prevailing-party status merely because, as a practical matter, a plaintiff is unlikely or

unable to refile its claims." *Id.* at 1363.  Instead, the court itself must act to reject or rebuff the

plaintiff's claims. *See Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1298 (11th Cir.

2021) ("[T]o determine whether the City was the prevailing party in this case, we ask whether the

district court's judgment rebuffed Beach Blitz's efforts to effect a material alteration in the legal relationship between the parties.").

Applying these standards, federal courts have routinely found that actions resolved by way of a voluntary dismissal without prejudice do not provide a defendant with prevailing party status. *See Affordable Aerial Photography, Inc.*, 108 F.4th at 1366 ("Because AAP's voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) did not supply the required judicial rejection of AAP's claim, Property Matters is not the prevailing party."); *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1303 (11th Cir. 2019) (noting that a voluntary dismissal without prejudice merely "renders the proceedings a nullity and leaves the parties as if the action had never been brought"); *Chacon v. Ezekiel*, 957 F. Supp. 1265, 1267 (S.D. Fla. 1997) (finding that a voluntary dismissal without prejudice does not confer prevailing party status on a defendant in a Title VII case).

In the instant case, Defendant never attained a "judicial imprimatur" in state court concerning Plaintiff's FCRA claims. Instead, Plaintiff simply filed an Amended Complaint that dropped those claims. It makes no difference that, as a practical matter, Plaintiff is unlikely to refile the FCRA claims in the future. *See Affordable Aerial Photography, Inc.*, 108 F.4th at 1365. Applying federal case law, as Fla. Stat. § 760.11(5) directs this Court to do, the Court finds that Defendant did not "prevail" on the FCRA claims. As such, no fees can be awarded under Fla. Stat. § 760.11(5).

### III.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the motion (DE 9) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23rd day of March 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE