UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81626-Cannon/McCabe

YOUSLINE ROMAIN,

     Plaintiff,

v.

SOUTH COUNTY MENTAL HEALTH
CENTER, INC., a Florida Not For Profit
Corporation,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Amended Motion to Dismiss Plaintiff's Complaint, which was referred to the undersigned by United States District Judge Aileen M. Cannon.  (DE 13, DE 14).  For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED**.

### I. OVERVIEW

This is a pregnancy discrimination case.  By way of this motion, Defendant seeks dismissal of all claims based on the 90-day statute of limitations set forth in Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), and the two-year statute of limitations set forth in the Florida Private Whistleblower Act ("FPWA"), Fla. Stat. § 448.103(1)(a).  As explained below, the Court agrees that the applicable statutes of limitation have expired and that Plaintiff's claims cannot be saved via the "relation back" doctrine.

### II. LEGAL STANDARD

Defendant brings this motion pursuant to Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept a plaintiff's allegations

as true and construe them in the light most favorable to the plaintiff.  *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

As a general rule, a statute of limitations operates as an affirmative defense and cannot be raised on a motion to dismiss.  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  A case can be dismissed on statute-of-limitations grounds only when "it is apparent from the face of the complaint that the claim is time-barred."  *Id.* (cleaned up); *see also Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 n.8 (11th Cir. 2016) (noting that the "existence of an affirmative defense will not support a motion to dismiss" unless the defense "appears on the face of the complaint") (cleaned up).

For purposes of this rule, the "face" of the complaint includes exhibits attached thereto.  In addition, the Eleventh Circuit recognizes that district courts may consider limited categories of documents outside of the complaint, provided such documents are (1) not disputed by the parties, and (2) central to a plaintiff's claims.  *See, e.g.*, *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).  Here, the Court will consider the following extrinsic documents in connection with the pending motion:  (1) Plaintiff's charge of discrimination filed with the Florida Commission on Human Relations ("FCHR") on December 14, 2023 (DE 1-1 at 11); (2) the FCHR's no-cause determination issued on June 11, 2024 (DE 1-2 at 52); and (3) a Determination and Notice of

Rights issued by the Equal Employment Opportunity Commission ("EEOC") on November 4, 2024 (DE 1-2 at 18).  The parties have not disputed the authenticity of these documents, and the Court finds them central to Plaintiff's claims.

### III.   <u>PROCEDURAL HISTORY</u>

Plaintiff alleges she worked for Defendant as a Mobile Response Technician up to the date of her termination on October 3, 2023.  (DE 1-2 at 97).  After Plaintiff's termination, the following events transpired:

1.      On December 14, 2023, Plaintiff filed a charge of discrimination with the FCHR, alleging pregnancy discrimination and retaliation.  (DE 1-1 at 11).

2.      On June 11, 2024, the FCHR made a "no cause" determination.  (DE 1-2 at 52). Specifically, the FCHR found "that it is unlikely that unlawful discrimination occurred in this matter."  (DE 1-2 at 52).  The FCHR advised Plaintiff that she had the right to seek an administrative hearing before Florida's Division of Administrative Hearings ("DOAH") within 35 days; otherwise, the FCHR decision would become final.  (DE 1-2 at 52).  The FCHR also advised Plaintiff that she had the right, within 50 days, to request the EEOC to review the FCHR's determination.  (DE 1-2 at 52).

3.      Plaintiff did not seek an administrative hearing before DOAH.  She did, however, request the EEOC to review the FCHR's decision.  (DE 1-2 at 18-19).

4.      On November 4, 2024, the EEOC issued a "Determination and Notice of Rights" concerning Plaintiff's case.  (DE 1-2 at 18).  By way of this document, the EEOC adopted the FCHR's determination and dismissed Plaintiff's charge of discrimination.  (DE 1-2 at 18).  The EEOC advised Plaintiff that she had the right, within 90 days, to file a lawsuit "against the respondent(s) on this charge *under federal law* in federal or state court…."  (DE 1-2 at 18)

(emphasis added).  The EEOC warned Plaintiff that "[t]he time limit for filing a lawsuit based on a claim *under state law* may be different."  (DE 1-2 at 18) (emphasis added).

5.  On January 29, 2025, Plaintiff filed a complaint in state court (the "Original Complaint") alleging the following three state-law claims:

Count 1:  Sex/Gender Discrimination in Violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.10 et seq.

Count 2:  Pregnancy Discrimination in Violation of the FCRA

Count 3:  Retaliation in Violation of the FCRA

(DE 1-2 at 4-18).  Plaintiff did not allege any federal claims.

6.  On April 23, 2025, Defendant moved to dismiss the Original Complaint, arguing that the state court lacked subject matter jurisdiction.  (DE 1-2 at 48).  Specifically, Defendant pointed out that the FCHR had issued a "no cause" determination in response to Plaintiff's charge of discrimination and that Plaintiff had thereafter failed to request a DOAH hearing within 35 days as allowed by Fla. Stat. § 760.11(7).   (DE 1-2 at 48).  As such, Defendant argued that Plaintiff failed to exhaust her administrative remedies under the FCRA, thereby depriving the state court of subject matter jurisdiction over those claims.  (DE 1-2 at 48, 50-51).

7.  Following the motion to dismiss, Plaintiff's counsel withdrew from the case on May 7, 2025.  (DE 1-2 at 55).  Plaintiff thereafter represented herself pro se for approximately five months until new counsel appeared on her behalf on October 2, 2025.  (DE 1-2 at 92).

8.  When new counsel appeared, he filed an Amended Complaint on December 2, 2025.  (DE 1-2 at 95-106).  The Amended Complaint dropped the FCRA claims and alleged the following three claims instead:

Count 1:  Wrongful Termination Based on Sex/Pregnancy in Violation of Title VII

4

Count 2:       Retaliation in Violation of Title VII

Count 3:       Retaliation in Violation of the FPWA

(DE 1-2 at 95-106).

9.      Based on the addition of the federal claims, Defendant removed the case to federal court on December 30, 2025.  (DE 1).

10.      This motion to dismiss followed, arguing that all claims in the Amended Complaint should be dismissed as time-barred under the relevant statutes of limitations.  (DE 13).

## IV.    **DISCUSSION**

As set forth below, the Court agrees that all claims are time-barred.  The Court will address the Title VII claims first, followed by the FPWA claim.

### A.    **Counts 1 & 2 – Title VII**

Counts 1 and 2 allege Title VII claims for, respectively, pregnancy discrimination and retaliation.  (DE 1-2 at 99-101).  When the EEOC dismisses a charge of discrimination or fails to file a civil action within 180 days of filing, the EEOC must notify the aggrieved person of his or her rights via a document commonly referred to as the "right to sue" letter.  42 U.S.C. § 2000e-5(f)(1).  Upon receipt of the right-to-sue letter, a claimant has 90 days to file a civil action against the respondent.  *Id.*  This provision functions as a 90-day statute of limitations, running from the date of receipt of the EEOC right-to-sue letter.

Here, the record shows that Plaintiff received her right-to-sue letter on or about November 4, 2024.  (DE 1-2 at 97, DE 1-2 at 18).  Plaintiff filed her Original Complaint on January 29, 2025—within the 90-day window.  (DE 1-2 at 4).  Significantly, however, the Original Complaint did not allege any Title VII claims; instead, it solely alleged FCRA claims.  Plaintiff did not allege

Title VII claims until she filed her Amended Complaint on December 2, 2025—beyond the 90-day window.  (DE 1-2 at 99-101).

Accordingly, Plaintiff's Title VII claims must be deemed untimely unless she can take advantage of the "relation back" doctrine.  Under that doctrine, a pleading filed after the statute of limitations has expired may be treated as if it had been filed on the date of an earlier, timely filed pleading.  The doctrine, typically rooted in a state or federal rule of civil procedure, allows the late-filed pleading to "relate back" to the earlier, timely pleading.  *See*, *e.g.*, Fed. R. Civ. P. 15(c)(1)(B); Fla. R. Civ. P. 1.190(c).  For the reasons set forth below, however, the Court finds that the relation-back doctrine does not apply here.

**1.      Florida Relation-Back Law Applies**

At the outset, the Court finds that Florida relation-back principles must be applied because Plaintiff filed both the Original Complaint and the Amended Complaint in state court.  (DE 1-2 at 4-18, DE 1-2 at 95-106).  Defendant did not remove the case to federal court until *after* both complaints had already been filed in state court.  (DE 1).

Pursuant to Fed. R. Civ. P. 81(c)(1), the Federal Rules of Civil Procedure do not apply to a removed action until "*after* it is removed from a state court."  (emphasis added).  Citing to this language, courts generally find that state relation-back principles must be applied where, as here, both the original and amended pleadings were filed in state court prior to removal.  *See D.B. v. Orange Cnty., Florida*, No. 6:13-cv-434-Orl-31DAB, 2013 WL 12155496, at *1 (M.D. Fla. May 20, 2013) (noting that "[w]here an amendment occurs in state court and the case is subsequently removed, the issue of relation back of that amendment is governed by the state court's rules of civil procedure" and citing cases).  As such, the Court will apply Florida relation-back principles to this case.

6

**2.      Florida Law Does Not Allow Relation Back to a Complaint Over Which There is No Jurisdiction**

Like federal law, Florida law roots the relation-back doctrine in a rule of civil procedure, specifically Fla. R. Civ. P. 1.190(c), which provides as follows:

> **Relation Back of Amendments**.   When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, *the amendment shall relate back to the date of the original pleading*.

(emphasis added).  Under this rule, "the proper test of relation back of amendments is not whether the cause of action stated in the amended pleading is identical to that stated in the original ... but whether the pleading as amended is based upon the same specific conduct, transaction, or occurrence between the parties upon which the plaintiff tried to enforce his original claim." *Associated Television & Commc'ns, Inc. v. Dutch Vill. Mobile Homes of Melbourne, Ltd.*, 347 So. 2d 746, 748 (Fla. 4th DCA 1977) (cleaned up).  "If the amendment shows the same general factual situation as that alleged in the original pleading, then the amendment relates back even though there is a change in the precise legal description of the rights sought to be enforced, or a change in the legal theory upon which the action is brought."  *Id.* (cleaned up).  "The test is whether the original pleading gives fair notice of the general fact situation out of which the claim or defense arises."  *Kalmanowitz v. Amerada Hess Corp.*, 125 So. 3d 836, 840 (Fla. 4th DCA 2013).  "An amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim."  *Holley v. Innovative Tech. of Destin, Inc.*, 803 So. 2d 749, 750 (Fla. 1st DCA 2001) (cleaned up).

On its face, the relation-back doctrine would appear applicable here, as both the Original Complaint and Amended Complaint allege a common set of facts.  *Compare* DE 1-2 at 4-7 *with*

7

DE 1-2 at 95-99.  But Florida law imposes a significant limitation that makes the relation-back doctrine inapplicable here.  Specifically, Florida law does not allow an untimely complaint to relate back to a complaint over which the relevant court lacked jurisdiction at the time of filing.  In *Staines v. R.J. Reynolds Tobacco Co.*, 239 So. 3d 164, 165 (Fla. 1st DCA 2018), for example, an attorney filed a timely personal injury action on behalf of a plaintiff, unaware that the plaintiff had died prior to filing.  The attorney later filed a motion to amend the complaint, past the statute of limitations, seeking to substitute the personal representative of the estate as the party plaintiff.  *Id.* The trial court denied the motion and dismissed the complaint with prejudice.  *Id.*

The appellate court affirmed.  *Id.* at 165-66.  As to relation back, the appellate court found that the untimely amended complaint could not relate back to the original complaint because the trial court lacked jurisdiction over the original complaint, which had been filed on behalf of a dead person.  *Id.* at 166 (noting that "deceased persons cannot be parties to a judicial or quasi-judicial proceeding") (cleaned up).  As such, the original complaint "did not confer jurisdiction on the trial court" and could not "provide a basis upon which an amended complaint can now relate back." *Id.*; *see also Merrick Park, LLC v. Garcia*, 299 So. 3d 1096, 1103 (Fla. 3d DCA 2019) (finding that the relation-back doctrine could not revive a time-barred claim where the original pleading was a "nullity" due to subject matter jurisdiction).

Federal courts have likewise declined to apply the relation-back doctrine where a party attempts to relate back to an earlier pleading over which the relevant court lacked jurisdiction at the time of filing.  *See Reynolds v. United States*, 748 F.2d 291, 293 (5th Cir. 1984) (finding that untimely FTCA complaint could not relate back to an earlier complaint because plaintiff had not exhausted administrative remedies at the time of the earlier complaint and, thus, trial court lacked jurisdiction at the time of filing); *Salazar v. U.S. Postal Service*, 929 F.Supp. 966, 970 (E.D. Va.

8

1996) ("[Rule 15(c)] only operates to give a plaintiff the benefit of an earlier filing date if the court in which the matter was first filed had jurisdiction over the matter at that earlier date."); *cf. Silien v. Waste Mgmt. Inc. of Florida*, No. 22-CV-81531-WPD, 2022 WL 17685507, at *3 (S.D. Fla. Nov. 10, 2022), *aff'd,* No. 22-14091, 2024 WL 797147 (11th Cir. Feb. 27, 2024) (holding that a time-barred complaint cannot relate back to an original complaint that was likewise untimely).

### 3.    Florida Law Regards Non-Exhaustion as a Jurisdictional Defect

The above-stated rule has significance here because the record shows that the FCHR issued a "no cause" finding in response to Plaintiff's charge of discrimination.  (DE 1-2 at 52).  Plaintiff thereafter failed to exhaust her administrative remedies by requesting a DOAH hearing within 35 days as allowed by Fla. Stat. § 760.11(7).  This left Plaintiff's FCRA claims "barred" under the express language of the FCRA:

> If the commission determines that there is not reasonable cause to believe that a violation of the [FCRA] has occurred, the commission shall dismiss the complaint. The aggrieved person may request an administrative hearing … but any such request must be made within 35 days of the date of determination…. *If the aggrieved person does not request an administrative hearing within the 35 days, the claim will be barred.*

Fla. Stat. § 760.11(7) (emphasis added).  As the Florida Supreme Court has noted, this feature of the FCRA differs from Title VII, after which the FCRA was mostly patterned.  *See Woodham v. Blue Cross & Blue Shield of Florida, Inc.*, 829 So. 2d 891, 895 (Fla. 2002) (noting that "Title VII does not bar a federal lawsuit even if the EEOC issues a 'no cause' determination").  In this regard, the FCRA imposes a stricter exhaustion requirement than its Title VII counterpart.

The Florida Supreme Court has described the FCRA's exhaustion requirement as a "prerequisite" to suit under the FCRA.  *Id.* at 894.  Florida's Fourth DCA has gone further, describing FCRA exhaustion as a matter of "subject matter jurisdiction."  *See Belony v. N. Broward Hosp. Dist.*, 374 So.3d 5, 8 (Fla. 4th DCA 2023) ("[T]he trial court correctly determined it lacked

9

subject matter jurisdiction because [the plaintiff] failed to exhaust his administrative remedies under the FCRA."), *disapproved on other grounds by Steak N Shake, Inc. v. Ramos*, 415 So.3d 107 (Fla. 2025). Florida's Sixth DCA has drawn the line closer, finding that FCRA exhaustion goes not to subject matter jurisdiction but instead to "case or procedural jurisdiction." *See Brugal v. City of Naples*, 418 So. 3d 758, 764 (Fla. 6th DCA 2025) (noting that subject matter jurisdiction concerns the "power of a court to hear a type of case," while case or procedural jurisdiction concerns "compliance with applicable procedural principles, some codified in rules but more often products of case law") (cleaned up).

Whether framed as a matter of "subject matter jurisdiction" or as "case or procedural jurisdiction," the Court finds that Plaintiff's Original Complaint suffered from a fatal jurisdictional defect under Florida law. That is to say, given the mandatory language of Fla. Stat. § 760.11(7), the FCRA claims alleged in the Original Complaint were "barred" upon arrival in state court. The state court had no authority to take any action except to dismiss the Original Complaint for lack of jurisdiction (although Plaintiff filed an Amended Complaint, voluntarily dropping the FCRA claims before that happened).

### 4.   Plaintiff's Amended Complaint Cannot Relate Back to the Original Complaint

In sum, the Court finds that the state court lacked jurisdiction over the Original Complaint because it alleged no claims apart from non-exhausted FCRA claims. The Court further finds that the statute of limitations has expired on the Title VII claims alleged in the Amended Complaint. As such, and applying Florida law, the Court finds that the time-barred Title VII claims cannot relate back to the filing date of the Original Complaint because the state court lacked jurisdiction over that complaint on the date it was filed. For all of these reasons, Counts 1 and 2 must be dismissed as time-barred.

10

## B.      Count 3 – FPWA Retaliation

Count 3 alleges a retaliation claim under the FPWA.  (DE 1-2 at 101-03).  The FPWA provides for two alternative statutes of limitations, depending on the date of discovery of the adverse personnel action, as follows:

> An employee who has been the object of a retaliatory personnel action ... may institute a civil action ... *within 2 years after discovering that the alleged retaliatory personnel action was taken, or within 4 years after the personnel action was taken, whichever is earlier*.

Fla. Stat. § 448.103(1)(a) (emphasis added).

Here, Plaintiff concedes that she became aware of the adverse personnel action, i.e., her termination on October 3, 2023.  (DE 1-2 at 96).  Plaintiff filed her Original Complaint on January 29, 2025 – within the two-year window applicable to her claim.  (DE 1-2 at 4).  Significantly, however, the Original Complaint did not allege a claim under the FPWA; instead, it solely alleged FCRA claims.  (DE 1-2 at 4-18).  Plaintiff did not allege a claim under the FPWA until she filed her Amended Complaint on December 2, 2025 – beyond the two-year window.  (DE 1-2 at 95-106).

Accordingly, Plaintiff's FPWA claim must be deemed untimely unless she can take advantage of the relation-back doctrine.  For all of the reasons explained in part IV.A above, the Court finds that the time-barred FPWA claim alleged in the Amended Complaint cannot relate back to the filing date of the Original Complaint.  As such, Count 3 must be dismissed as time-barred.

## V.      RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the motion be **GRANTED** as follows:

1.      The Amended Complaint (DE 1-1) should be **DISMISSED.**

11

2.       Given the state of the record, the Court finds that Plaintiff cannot cure the problems identified here through amendment. Accordingly, the Court recommends that dismissal be ordered **WITH PREJUDICE.**

3.       The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

    **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23rd day of March 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

12